In re SCHWINN BICYCLE
CO., et al., Debtors.

SCHWINN PLAN COMMITTEE,
Plaintiff,

v.

TRANSAMERICA INSURANCE
FINANCE CORPORATION,
Defendant.

Bankruptcy Nos. 92 B 22474
thru 92 B 22484.

United States Bankruptcy Court,
N.D. Illinois.

June 11, 1997.

Howard Feller, Dion W. Hayes, McGuire Woods Battle & Boothe, Richmond VA, Mark K. Thomas, Katten Muchin & Zavis, Chicago, IL, for Plaintiff Schwinn Plan Committee.

John A. Lipinski, Rocks Pitts & Poust, Chicago, IL, Debra Lee Allen, Transamerica Insurance Finance Corporation, Williamsville, NY, for Defendant TIFCO.

### MEMORANDUM OPINION ON TIFCO'S BILL OF COSTS

JACK B. SCHMETTERER, Bankruptcy Judge.

The Schwinn Plan Committee ("Committee") as Plaintiff filed an Adversary Complaint against Defendant Transamerica Insurance Finance Corporation ("TIFCO") to set aside preferential transfers. Following trial, judgment was entered for TIFCO, *In re Schwinn Bicycle Co. (Schwinn Plan Committee v. TIFCO)*, 200 B.R. 980 (Bankr. N.D.Ill.1996). TIFCO filed its Bill of Costs totaling $8,611.39; the Committee objected and moved to deny TIFCO's Bill of Costs entirely for untimely filing. On May 5, 1997, an order and a memorandum opinion were entered denying the Committee's motion but sustaining its objections as to certain items on TIFCO's Bill of Costs. The order also allowed TIFCO's Bill of Costs in part. TIFCO was given 14 days to provide further documentation of certain of its claims for additional costs and to support the same by affidavit. The Committee was given 14 additional days to file a response and counteraffidavit. May 5, 1997 Order. The Order specified that an evidentiary hearing would be set on any issues posed by the affidavit and counteraffidavit.

TIFCO later filed its supplemental documentation and the Committee filed a re-

sponse thereto. However, neither side filed or offered affidavits as required by the Order.

Jurisdiction and venue are pursuant to 28 U.S.C. §§ 1334 and 1409. This Court may determine this matter pursuant to 28 U.S.C § 157 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This is a core proceeding under § 157(b)(2)(F).

TIFCO was in the original Order allowed $1,525.92 for costs incident to taking depositions, $120.00 in attendance fees for witness Keating, $40.00 in attendance fees for witness Williams, $60.00 to reimburse for William's cab fares and $623.85 for William's travel expenses. However, the Committee's objections were sustained as to TIFCO's request for $917.75 in court reporter fees, $2,831.79 for printing fees, $1,715.90 for Keating's travel expenses and additional expenses for Williams, and $776.18 for mailing, delivery and secretarial overtime costs. The mailing, delivery, and secretarial overtime costs were denied as they are not taxable costs pursuant to 28 U.S.C. § 1920. The denial of the remaining costs sought was due to lack of documentation on TIFCO's part.

TIFCO filed supplemental documentation for $893.00 in court reporter fees and $1,226.86 for Keating's travel expenses. TIFCO failed to provide documentation for its printing fees nor did TIFCO provide any affidavit in support of any of its supplemental documentation. However, after receiving TIFCO's supplemental documentation, the Committee's Response indicated that it no longer objects to TIFCO's request for court reporter fees and travel reimbursement for Keating's expenses. As the Committee no longer objects thereto, those costs will be allowed. The Committee continues to object, however, to TIFCO's request for $2,831.78 in printing costs. As TIFCO failed to support this request with an affidavit, the request for printing costs will be denied.

### CONCLUSION

Pursuant to the Memorandum Opinion entered May 5, 1997, TIFCO's Bill of Costs was originally allowed in the amount of $2,369.77. For reasons set forth above and by separate order to be entered, TIFCO will also be allowed an additional $2,119.86. As TIFCO failed to provide a supporting affidavit as required by the earlier Order, TIFCO's request for reimbursement of printing fees will be denied. This matter will be set for TIFCO to present a final order allowing $4,489.63 in costs.